UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Civil Case No: _____

HOSPITALITY INSURANCE COMPANY

    Plaintiff,

v.

BATTAGLIA & SONS, LLC d/b/a TEETS

    Defendant.

COMPLAINT FOR
DECLARATORY JUDGMENT

**COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF**

Plaintiff Hospitality Insurance Company ("HIC"), by counsel, for its complaint for declaratory judgment and other relief against defendant Battaglia & Sons, LLC states as follows:

**THE PARTIES**

1. HIC is a corporation incorporated in Connecticut and with its principal place of business located in Connecticut.

2. Upon information and belief Battaglia & Sons, LLC (hereinafter referred to as "Defendant") is a North Carolina limited liability company with its registered office address at 124 East Main Street, Benson, North Carolina 27504, and with its principal place of business at 425 Glenwood Avenue, Raleigh, North Carolina 27603. In addition, Defendant lists its registered agent as James R. Levinson.

**JURISDICTION AND VENUE**

3. This is a declaratory judgment action with jurisdiction based upon 28 U.S.C. §2201 and diversity of citizenship (28 U.S.C. § 1332). The policy of insurance at issue in this

matter, having been rescinded, is void *ab initio*, and as such, the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. The matter in controversy is between citizens of different states.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) by virtue of the fact that a substantial part of the events giving rise to the claim took place in this District.

5. This Court has power to grant relief sought in this action pursuant to, *inter alia*, 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

6. This declaratory judgment action pertains to an actual controversy over potential insurance coverage under liquor liability insurance policy No. CPP3200371 ("the Policy") issued by HIC to Defendant for the policy period May 5, 2021 to May 5, 2022. A certified copy of the policy is attached as **Exhibit A.**

7. HIC asks the Court to judicially declare that it is not obligated to defend or indemnify in connection with a pending claim with date of loss of January 14, 2022, and involving claimants Sam Reid, Matthew Reid and Matthew Bullock (the "underlying claim" or the "underlying claimants") and that the Policy is properly rescinded.

## THE UNDERLYING ACTION

8. HIC incorporates by reference paragraphs 1 through 7 as though fully restated here.

9. HIC became aware of the underlying claim on or around January 27, 2022.

10. The underlying claimants allege that they were injured on January 14, 2022 while at Teets, a bar owned and operated by Defendant located in downtown Raleigh, NC.

11. More specifically, the underlying claimants allege that they were physically assaulted and sustained injuries during an altercation with one or more of the privately contracted independent security professionals that were retained and/or contracted by Defendant to act as

bouncers, doorpersons and/or security at Teets.

12. As a result of the alleged altercation and injuries reported by the underlying claimants, a claim was made to HIC to provide coverage for the associated damages.

## THE INSURANCE POLICY

13. HIC incorporates by reference paragraphs 1 through 12 as though fully restated here

14. In connection with procurement of the Policy, it was represented to HIC by or on behalf of Defendant that Defendant would not be using bouncers, doorpersons, or security, contracted or otherwise, at Teets. See **Exhibit B.**

15. In reliance upon the foregoing representations by or on behalf of Defendant, including regarding use of bouncers, doorpersons, or security, HIC issued the Policy to Defendant.

16. Despite Defendant's representations to the contrary, Defendant did, in fact, retain and/or contract with bouncers, doorpersons and/or security to use at Teets.

17. Defendant has retained and/or contracted with bouncers, doorpersons and/or security to use at Teets since it was opened in May 2021.

## COUNT I

18. HIC incorporates by reference paragraphs 1 through 17 as though fully restated here.

19. Defendant made material misrepresentations to HIC and/or failed to correct false information provided to HIC, regarding Defendant's use of bouncers, doorpersons, or security at Teets.

20. Defendant knew or should have known that its representations and/or the information provided to HIC about hiring bouncers, doorpersons, or security were false.

21. HIC relied on Defendant's misrepresentations and/or false information.

22. HIC would not have issued the policy had Defendant accurately represented that it retained and/or contracted with bouncers, doorpersons and/or security.

23. HIC suffered injury based on Defendant's above conduct in issuing Defendant a policy without having the opportunity to adequately ascertain and rate the risk, and to determine whether HIC would have issued the policy and/or what external risk transfer measures it would have required in light of the increased risk associated with retaining and/or contracting with bouncers, doorpersons and/or security.

24. HIC has returned to Defendant the premium HIC collected for the policy.

25. HIC is entitled to rescind the Policy, such that it is void *ab initio* and, as such provides no insurance coverage for or duty to defend in the underlying claim for any party.

## COUNT II

26. HIC incorporates by reference paragraphs 1 through 25 as though fully restated here.

27. In the alternative, the HIC policy is entitled to void the policy based on plaintiff's failure to meet conditions contained therein.

28. Specifically, Section IV – Conditions (CPP3200371) – the Policy states in Section IV.E. Representations:

> By accepting this Policy, you agree that:
>
> 1. The statements in the Declarations are accurate and complete;
>
> 2. Those statements are based upon representations made by you or on your behalf in your application for Liquor Liability Insurance and otherwise; and
>
> 3. We have issued this policy in reliance upon the representation made by you or on your behalf. These representations are a condition precedent to issuance of the Policy and the Company shall have the right to void the Policy in which case we shall have no obligation under this Policy if those representations are false or materially incomplete.

29. Defendant failed to answer the Liquor Liability Insurance application honestly

and misrepresented to HIC that Defendant would not use bouncers, doorpersons, or security, when in fact Defendant did use bouncers, doorpersons, and security. See **Exhibit B.**

30. The HIC Policy specifically states that HIC shall have the right to void the Policy and shall have no obligations under the Policy in the circumstance where an insured makes material misrepresentations, or false or incomplete representations on the Liquor Liability Insurance application under Section IV.E.3.

31. Defendant breached conditions precedent to coverage, and therefore, provides no insurance coverage for or duty to defend in the underlying claim for any party.

## RELIEF REQUESTED

WHEREFORE, HIC requests that this Court declare the rights and obligation of these parties as follows:

1. That the Policy is rescinded and, thus, void *ab initio;*

2. That HIC owes no duty to defend or indemnify any party in connection with the underlying claim;

3. That Defendant is entitled to a return of premiums;

4. That Defendant must reimburse HIC for all costs incurred in the underlying claim, including an award of attorney's fees; and

5. For such other relief as this Court deems just and proper.

This the 2nd day of June, 2022.

        **TEAGUE, CAMPBELL, DENNIS & GORHAM, L.L.P.**

        BY: /s/ Rebecca R. Thornton
            William A. Bulfer – N.C. State Bar No. 31424
            117 Cherry Street North
            Asheville, North Carolina 28801
            Telephone: (919) 805-5017
            Fax: (919) 873-1814
            wbulfer@teaguecampbell.com
            Rebecca R. Thornton – N.C. State Bar No. 40008
            4700 Falls of Neuse Road, Suite 450
            Raleigh, North Carolina 27609
            Telephone: (919) 719-4782
            Fax: (919) 873-1814
            rthornton@teaguecampbell.com

            *Attorneys for Hospitality Insurance Group*